UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ABRA SMITH, *individually and on behalf of all others similarly situated*, | ) ) ) | Case No. 1:21-cv-2049 |
| | ) | Judge J. Philip Calabrese |
| Plaintiff, | ) ) | Magistrate Judge David A. Ruiz |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) ) | |
| | ) | |

## OPINION AND ORDER

Defendant Nationwide Agribusiness Insurance Company removed this putative class action to federal court based on the Class Action Fairness Act, 28 U.S.C. § 1332(d).  Plaintiff Abra Smith sues for breach of contract, contending that her auto insurer was required to account for sales tax as part of a payment for loss, and moves to remand.  With respect to jurisdiction, the parties dispute the amount in controversy and whether, as pled, the complaint reaches the jurisdictional threshold.  Because Nationwide has the burden of establishing federal jurisdiction and has failed to do so, as more fully explained below, the Court **GRANTS** the motion to remand.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 26, 2016, Plaintiff's 2015 Lincoln MKZ FWD sustained loss or damage, leading Plaintiff to file a claim for property damage with Nationwide, which insured the vehicle.  (ECF No. 1-1, ¶¶ 13–14, PageID #13.)  Plaintiff alleges that Nationwide

paid only the adjusted value of the vehicle ($25,690) less the $500 deductible and failed to include sales tax in payment for the loss. (*Id.*, ¶ 17.)  Plaintiff brings a single breach of contract claim (*id.*, ¶¶ 31–37, PageID #17) and seeks to pursue the action on behalf of a class of Ohio insureds dating from September 24, 2013 (*id.*, ¶ 20, PageID #14).

This is the second lawsuit Ms. Abra brings against Nationwide based on her claim under the auto insurance policy at issue.  Previously, she filed suit in Case No. 1:20-cv-00108 then voluntarily dismissed after reassignment of the case.  Rather than commence suit in federal court a second time, Plaintiff instead filed a new action in State court.  (ECF No. 1-1, PageID #10.)  Defendant timely removed.  (ECF No. 1.)  Defendant moved to dismiss (ECF No. 7), to which Plaintiff responded by filing an amended complaint (ECF No. 12).  Because the Court determines that it lacks jurisdiction, it does not consider the merits of Defendant's motion to dismiss.  Nor do the allegations in the amended complaint affect determination of the amount in controversy, as Defendant recognizes.  (ECF No. 13, PageID #241.)

**GOVERNING LEGAL STANDARD**

To remove a case from a State court to federal court, a defendant must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  In class actions, "the matter in controversy must exceed the sum or value of $5,000,000."  28 U.S.C. § 1332(d)(2).  "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'"  *Dart*

2

*Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (quoting 28 U.S.C. § 1446(c)(2)).

Where, as here, a plaintiff's complaint does not state the amount in controversy, the removal statute requires only a short and plain statement of the grounds for jurisdiction that need not contain evidence.  *Id.* (citing 28 U.S.C. § 1446(c)(2)(A)).  To assert the amount in controversy, the defendant need only plausibly allege that the class claim exceeds $5 million.  *Id.* at 84, 87.  To do so, the defendant need not "research, state and prove the plaintiff's claim for damages." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

If the plaintiff contests the defendant's allegation, Section 1446(c)(2)(B) instructs that "removal of the action is proper on the basis of an amount in controversy asserted [by the defendant] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the [jurisdictional threshold]."  Therefore, the removal statute requires evidence only where, as here, the plaintiff disputes the facts supporting removal.  *Dart Cherokee,* 574 U.S. at 89.  In such circumstances, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 574 U.S. at 88.

Contrary to Plaintiff's claim (ECF No. 8, PageID #158), no presumption against removal applies in cases invoking jurisdiction under CAFA.  *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013).  To the contrary, CAFA embodies a strong preference that the federal courts hear class actions, if properly removed.  *Dart*

*Cherokee,* 574 U.S. at 89 (citation omitted).  "Courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."  *Naji v. Lincoln,* 665 F. App'x 397, 401 n.2 (6th Cir. 2016).  Proof by a preponderance of the evidence means "such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in the mind of the finder of fact belief that what is sought to be proved is more likely true than not true."  *Williams v. Eau Claire Pub. Sch.,* 397 F.3d 441, 446 (6th Cir. 2005) (cleaned up).

## DISCUSSION

Plaintiff seeks remand, contending that Defendant has not provided evidence of the amount in controversy.  (*See* ECF No. 8, PageID #160.)  Because Plaintiff calls into question Defendant's invocation of federal jurisdiction, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Dart Cherokee,* 574 U.S. at 88.  Instead of doing so, Defendant relies on the allegations on the face of the complaint to reach CAFA's $5 million jurisdictional threshold.

But both *Dart Cherokee* and the Sixth Circuit preclude a removing party from resting on the allegations of the complaint in the face of a challenge to the amount in controversy.  *Id.*; *Halsey v. AGCO Corp.,* 755 F. App'x 524, 526–27 (6th Cir. 2018) (quoting *Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 572 (6th Cir. 2001)).  Instead of applying the applicable governing legal standard set forth above, which Defendant fails even to acknowledge, it relies on various authorities to assert that it may invoke federal jurisdiction based solely on the allegations in the complaint.

4

These authorities all pre-date the Supreme Court's decision in *Dart Cherokee*, which Defendant does not even cite. *Dart Cherokee* reads Section 1446(c)(2)(B) as requiring *evidence* where, as here, there is a dispute over the amount in controversy require *evidence*. ([ECF No. 13](#), PageID #242–43.)  Defendant's failure to come forward with any evidence to establish CAFA's jurisdictional amount-in-controversy threshold is fatal to its effort to invoke federal jurisdiction.

Even if the allegations of the complaint constitute "evidence" within the meaning of Section 1446, Defendant's argument fails.  Defendant points to allegations that the putative class spans eight years and includes "thousands of individuals" and "likely numbers in the tens of thousands." ([ECF No. 1-1](#), ¶¶ 20 & 22, PageID #14.)  Then, Defendant uses the sales tax at issue in Plaintiff's individual claim (just over $2,000) as representative of each class claim for jurisdictional purposes.  Calculations based on these numbers are wholly speculative.  Perhaps, they might suffice in the absence of a challenge to the amount in controversy.  But the allegations of the number of potential class members in particular amount to little more than a guess, too indefinite to reach any firm conclusion about the amount in controversy.

Moreover, Defendant presents no *evidence* that any of these figures on which it relies in the complaint bears any relationship to the facts in this case. Presumably, Nationwide has some basis to determine the potential number of class members. Although more than a year has passed since Plaintiff filed her first lawsuit in the Northern District, Defendant provides none.  That silence speaks volumes.  In any

event, although Defendant's burden to establish the amount in controversy is not daunting, *see Hayes*, 266 F.3d at 572 (citing *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)), it still requires evidence.  Defendant presents none.  And the allegations in the complaint are simply too indeterminate to support federal jurisdiction in the face of Plaintiff's challenge to the amount in controversy.

Finally, Defendant argues that Plaintiff's claim for injunctive relief provides a sufficient basis for federal jurisdiction.  Plaintiff's complaint asserts a single claim for breach of contract.  In the relief requested, the last item seeks "injunctive and other further forms of relief as this Court deems just and proper."  (ECF No. 1-1, PageID #18.)  That's it.  Where a plaintiff seeks an injunction, the value of the injunction for purposes of determining the jurisdictional amount in controversy turns on the value of the object of the litigation or the cost of compliance with the injunction.  *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (quotation and citation omitted).  Defendant's argument fails for two reasons.  First, it is unlikely that Plaintiff could obtain an injunction on her breach-of-contract claim under Ohio law.  Perhaps for that reason, Plaintiff includes the request as a formulaic throw-away at the end of the complaint.  Second, even if she could, Nationwide again presents no evidence from which the Court can determine compliance costs or the value of the injunction by another metric.

## CONCLUSION

Defendant complains that Plaintiff's motion to remand amounts to little more than the worst sort of forum shopping.  On this record, that is a reasonable view.  But the law gives Plaintiff that right.  Had Defendant presented evidence to support its

contentions regarding the amount in controversy, as the governing legal standard has long required when that amount is disputed, Defendant's own forum-shopping effort, which is also entirely reasonable under the law, might have proved successful.  For all the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand and **REMANDS** this case to State court.

**SO ORDERED.**

Dated:  January 12, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio